FRED INGANNAMORT, PROSECUTOR, v. THE CITY OF HACKENSACK, A MUNICIPAL CORPORATION OF THE COUNTY OF BERGEN AND STATE OF NEW JERSEY, FRED N. MUNROE AND HACKENSACK VILLAGE, INC., RESPONDENTS.

Argued February 26, 1946—Decided March 1, 1946.

For the prosecutor, *George I. Marcus.*

For the City of Hackensack, *Chandless, Weller & Kramer.*

For Fred N. Munroe, no appearance.

For Hackensack Village, Inc., *Mehler & Mehler.*

BODINE, J. (At chambers under the statute.) The prosecutor purchased from the City of Hackensack a large tract of land for the purpose of developing it into a high grade residence district. The property was bounded by the Esplanade, Passaic Street, Maple Hill Drive and Central Avenue. The total purchase price was $151,000. The contract provides for the erection of one-family houses which will in the aggregate cost $2,000,000.

The contract of purchase restricted the use of the lots to one-family dwellings, the restrictions to run with the land. On the other side of Central Avenue, the city owned lots designated as lots from 30 to 37, inclusive, in Block 346.

The prosecutor made a written offer to purchase these lots upon the same terms which had been exacted by the city when he purchased the lots first referred to. These latter lots were advertised for sale at public auction and the prosecutor was

not the high bidder. They were struck off and sold to one Fred N. Munroe, who assigned to Hackensack Village, Inc.

The difficulty seems to be that after many attempts to have the restrictions contained in the sale of these lots waived the city council passed a resolution so doing, and the writ was allowed to review that action.

It is conceded that the sales in both instances were pursuant to *R. S.* 40:60–26. The statute in question permits a governing body to impose conditions and restrictions on the use to be made of lands owned by it to the same extent as any other vendor of real estate may do.

The city relies upon chapter 33, *Pamph. L.* 1943, *p.* 69, in support of the action complained of. This statute expressly provides that the city may waive or modify any covenant or condition imposed by the municipality in the sale of land provided, however, that the right shall not be exercised so as to impair any vested or contractual rights of third parties.

It is perfectly clear from the proofs that the prosecutor of this writ had made a considerable investment in land subject to a restricted use, and that the lots upon which the city waived like restrictions were offered for sale and sold subject to identical restrictions. It is also perfectly clear that both tracts of land are in the same development and were sold subject to the same restrictions, and it is likewise clear that the waiver in question is an impairment of the rights of the prosecutor contrary to the statute referred to.

The proofs also show that the waiver in question will impair the value of the prosecutor's property; that the sale of the second tract was not advantageous to the city, if restrictions imposed were to be waived, because property sold for apartment house uses will bring a higher price than property restricted to single family use.

It is no answer that when the first tract was purchased the lands later sold were not so restricted. The restriction was made at the time of sale and the waiver is of disadvantage to the prosecutor, who had a vested property right in the lands first purchased, and was entitled to rely upon the continuance of the restriction embodied in the second sale.

Since there is no law justifying the resolution it must be set aside, with costs.